**FRED RILEY HOME BUILDING CORPORATION, et al., Plaintiffs,**

v.

**Charles COSGROVE d/b/a Traditional Homes et al., Defendants.**

**No. 93–2313–KHV.**

United States District Court, D. Kansas.

Feb. 15, 1995.

Case, Office of the Atty. Gen., Kansas Judicial Center, Topeka, KS, for Fred Riley Home Bldg. Corp., Bonnies Designs, Inc.

Mark E. Brown, Kent R. Erickson, Litman, McMahon & Brown, Kansas City, MO, for Brad True, Inc.

Charles Cosgrove, Kansas City, MO, pro se.

Kurt D. Tilton, Brian L. Smith, Smith, Bellar & Tilton, P.C., Kansas City, MO, Phillip A. Miller, Phyllis G. Leach, Watson & Marshall L.C., Kansas City, MO, for Charles Cosgrove, Traditional Homes, Inc.

Michael Yakimo, Jr., D.A.N. Chase, Chase & Yakimo, Overland Park, KS, for Richard Beaman.

Joseph B. Bowman, Penny R. Slicer, Devon A. Rolf, Kokjer, Kircher, Bowman & Johnson, Kansas City, MO, for Michael Nolte.

Charles O. Thomas, Bonner Springs, KS, for Overland Cabinet Co., Inc.

David W. Hauber, Kenneth E. Holm, Boddington & Brown, Chtd., Kansas City, KS, Don M. Bradley, Michael B. Hurd, Shook, Hardy & Bacon, Kansas City, MO, for Landau Inv. Co.

David W. Hauber, Boddington & Brown, Chtd., Kansas City, KS, Don M. Bradley, Michael B. Hurd, Shook, Hardy & Bacon, Kansas City, MO, for L & N Properties, Sam Nussbaum, Glen Ladd.

Mark C. Owens, James R. Orr, Bennett, Lytle, Wetzler, Martin & Pishny, L.C., Prairie Village, KS, Mark E. Brown, Kent R. Erickson, Litman, McMahon & Brown, Kansas City, MO, for Don Julian.

### MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

This matter is before the court on plaintiff Don Julian's, Motion for Leave to File Supplemental Memorandum in Support of Plaintiff's Motion for Reconsideration of Judgment on Count III. (Doc. 258.) Defendants have filed a response and the plaintiff has filed a reply.

Clifford A. Cohen, Buck, Bohm & Stein, P.C., Leawood, KS, Mark E. Brown, Gerald M. Kraai, Kent R. Erickson, Litman, McMahon & Brown, Kansas City, MO, Kevin D.

This case was tried to a jury commencing August 1, 1994. At the conclusion of the case, the court made its rulings on the record and stated the basis for those rulings. On August 19, 1994, the court filed its Memorandum and Order ruling on all issues in the case. Judgment was entered on the order on August 23, 1994. On September 2, 1994, plaintiff filed a Motion for Reconsideration of Judgment as to Plaintiff Julian on Count III of the plaintiff's complaint. Defendants filed a response on September 21, 1994, and the plaintiff's reply was, thereafter, filed on October 6, 1994. In Julian's original memorandum filed in support of the Motion for Reconsideration, Julian presented no new arguments, but rather simply incorporated his memoranda filed on August 5, 1994, and August 15, 1994, prior to the court's entry of its Memorandum and Order in the case. Thereafter, when plaintiffs filed their reply memorandum, Julian did not address issues related to his claims. Thereafter, on October 25, 1994, plaintiff Julian filed a Motion for Leave to File a Supplemental Memorandum. The motion states that the request is made in order to permit Julian to submit additional evidence corroborating the testimony of Robert L. Keith, a trial witness, which testimony "has only recently been obtained." The proposed evidence is not disclosed in the motion. No memorandum is filed in support of the motion as required by D.Kan.Rule 206(a). Julian does not cite any legal authority for filing the proposed motion. Julian does not state reasons for the filing of the motion, other than "in the interest of justice." Julian does not disclose the additional evidence to be proffered, nor does he state why such evidence was only recently obtained by him.

By reply memorandum, Julian suggests that the original motion did not emphasize that the request was also being made to advance additional arguments in support of Julian's position that the court erred in ruling on his claims as a matter of law, claiming that this latter reason is the primary basis for filing the supplemental memorandum. Julian argues in the reply memorandum, in the alternative, that the court may treat the reply as a request for withdrawal of the Motion for Leave to File Supplemental Memorandum in Support of Plaintiff's Motion for Reconsideration of Judgment on Count III previously filed, and as a new Motion for Leave to File Supplemental Memorandum in Support of Plaintiff's Motion for Reconsideration of Judgment on Count III.

D.Kan.Rule 206 sets out the procedure for consideration of motions filed in this court. The rule provides no opportunity for supplemental memoranda. The moving party is entitled to file a motion, with supporting memorandum, and a reply memorandum after the filing of a response by the party defending the motion. Julian had every opportunity to advance his arguments in support of his "Motion for Reconsideration." Julian chose not to advance new arguments, but rather to rely on the arguments previously made. Apparently, now six weeks after the original motion was filed, Julian has re-thought the arguments advanced and wishes to advance additional arguments, which arguments are not even suggested to the court in the motion which is filed or in the reply memorandum. Julian does not state any reason for the court to consider, at this late date, new arguments in support of the Motion to Reconsider other than "in the interest of justice."

The original motion filed by Julian is titled "Motion for Reconsideration of Judgment on Count III." In the body of the motion it is characterized as a "Motion to Alter or Amend Judgment on Count III." Notwithstanding, Julian moves the court "to amend the judgment dismissing Count III pursuant to Fed.R.Civ.P. 58 or 59(e) and enter the jury verdict thereon," and the present motion must consequently be determined under such rules. The motion is not a motion under Fed.R.Civ.P. 59(a), wherein the court is requested to reopen the judgment to take additional testimony and to amend findings of fact or conclusions of law. Therefore, new evidence may not be considered by the court. It would be improper for the court to consider new evidence at this date on a motion under Fed.R.Civ.P. 58 and 59(e) wherein the court must determine whether it erred in its findings of fact and conclusions of law and in entering judgment under Fed.R.Civ.P. 50. The evidence to be offered was not offered during the trial of the case, but was "only

recently obtained." Evidence corroborating testimony offered during the trial of the case may not be considered by the court in determining whether to set aside judgment previously entered by the court under Fed. R.Civ.P. 58 and Fed.R.Civ.P. 59(e). The court further notes that the present motion is not a motion under Fed.R.Civ.P. 60(b), to set aside the judgment due to newly discovered evidence which could not have been discovered in time to move for a new trial under Fed.R.Civ.P. 59(b).

Julian does not state what the evidence is or how or when it was obtained. Further, no explanation is offered as to why the evidence was not previously available.

Julian has had an adequate opportunity to present to the court any arguments or authorities which he wishes to advance in support of his "Motion to Reconsider," and the court will not now consider arguments not previously advanced in a timely manner.

■■■ The motion is denied for each of the following reasons:

a. The motion is outside the scope of D.Kan.Rule 206.

b. The motion is filed in violation of D.Kan.Rule 206, in that it is not accompanied by a memorandum in support.

c. The motion contained in the second paragraph of the reply memorandum is not appropriately submitted to the court in that it does not comply with the requirements of D.Kan.Rule 206 providing that every motion shall be in writing and filed with the clerk. This "motion" is not accompanied by a memorandum as required by the rule.

d. No reasons have been stated within the motion or the reply memorandum providing a factual basis upon which the court could reasonably consider whether a supplemental memorandum should be allowed.

e. The proposed evidence and arguments to be presented are not disclosed to the court and, therefore, cannot be evaluated by the court to determine whether the motion should be allowed.

f. It would be error for the court to consider additional evidence proffered in support of the Motion for Reconsideration filed under Fed.R.Civ.P. 58 and 59(e), as these motions must be considered by the court upon the trial record and not on evidence subsequently obtained.

g. Julian has had adequate opportunity to submit all of the arguments in support of his Motion for Reconsideration. Rather than submit new arguments directed toward the court's Memorandum and Order entered on August 19, 1994, which would be helpful to the court in determining whether it had erred, Julian elected to stand on the arguments presented to the court prior to the entry of this order. He will not now be permitted, after further reflection and after all of the briefing has been done on the motion, to present new arguments.

h. Julian has cited no legal basis for the filing of a supplemental memorandum or for supplementing his original memorandum with testimony corroborating the evidence of a trial witness.

Each of the reasons set forth above constitutes an independent reason for denial of the motion. The motion is denied for each of these reasons and for all of these reasons collectively.

The court notes that the Supplemental Memorandum in Support of Plaintiff's Motion for Reconsideration of Judgment on Count III was filed with the clerk of the court on November 7, 1994, by filing said motion through the drop box available at the courthouse. Due to the court's ruling herein, the supplemental memorandum is stricken from the court record.

Copies of this order shall be mailed to all counsel of record and unrepresented parties.

IT IS SO ORDERED.